UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LISA ZUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-10-5128-LRS |
| | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **MOTION TO PARTIALLY** |
| CONAGRA FOODS, INC., a | ) | **DISMISS,** ***INTER ALIA*** |
| Corporation, "Self-Insured Short and | ) | |
| Long-Term Disability Plan;" | ) | |
| CONAGRA FOODS, INC., | ) | |
| Employee Benefits Committee as | ) | |
| the "Plan Administrator," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BEFORE THE COURT** is the Defendants' "Motion To Partially Dismiss Plaintiff's Complaint" (Ct. Rec. 26-1) and Plaintiff's related "Motion To Permit Interrogatories" (Ct. Rec. 30). These motions are heard without oral argument.

**I. DISMISSAL**

**A. 12(b)(6) Standard**

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to

**ORDER GRANTING MOTION TO PARTIALLY DISMISS,** ***INTER ALIA***- **1**

the plaintiff.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion.  *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).  The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).  The "grounds" of a plaintiff's "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice.  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

### B.  Damages

Plaintiff's "2nd Amended Complaint" (Ct. Rec. 19) alleges at Paragraph 2.10, as part of the "Factual Allegations," that "Plaintiff has sustained severe economic and emotional damages as a result of [D]efendant[s'] action."  The "Prayer For Relief," however, does not specifically include a request for such damages.

"Extracontractual, compensatory and punitive damages are not available under ERISA."  *Bast v. Prudential Ins. Co. v. America*, 150 F.3d 1003, 1009 (9th Cir. 1998).  Claims for out of pocket costs, loss of income, and emotional distress damages are precluded under ERISA.  *Id*.  To the extent the "2nd Amended Complaint" seeks an award of extracontractual compensatory economic and emotional distress damages, such a claim is improper under ERISA (is not "legally cognizable") and must be dismissed.

### C.  Equitable Relief

Plaintiff seeks to recover disability benefits under a "Self-Insured Short

**ORDER GRANTING MOTION TO PARTIALLY DISMISS, *INTER ALIA*-    2**

Term And Long Term Disability Plan" (hereinafter "Plan") sponsored by her employer, ConAgra Foods, Inc..  Although 29 U.S.C. §1132(a)(1)(B) is not specifically cited in Plaintiff's "2nd Amended Complaint," it is clear that Plaintiff seeks "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  Less apparent is whether the "2nd Amended Complaint," notwithstanding its failure to specifically cite 29 U.S.C. §1132(a)(3), seeks "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  Nevertheless, Defendants assume the "2nd Amended Complaint" pleads a claim under both §1132(a)(1)(B) and §1132(a)(3) and request the court dismiss the §1132(a)(3) breach of fiduciary claim on the basis that the §1132(a)(1)(B) recovery of benefits claim provides the Plaintiff with an adequate remedy.

In *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065 (1996), the U.S. Supreme Court held that §1132(a)(3) authorized lawsuits for individualized equitable relief for breach of fiduciary obligations, stating that it operated as a "catchall" provision "offering appropriate equitable relief for injuries caused by violations that [Section 1132] does not elsewhere adequately remedy."  Soon after *Varity*, the Ninth Circuit explained in *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997):

> The Supreme Court thus interpreted the statute to allow individual relief for a breach of fiduciary duty in an ERISA action only where no other adequate relief is available.

*Varity* did not go so far as to say that the pleading of a §1132(a)(1)(B) claim for recovery of denied benefits necessarily precludes a claim for equitable relief under §1132(a)(3), and numerous district court decisions since *Varity* have recognized this, including *Black v. Long Term Disability Ins.*, 373 F.Supp.2d 897

**ORDER GRANTING MOTION TO PARTIALLY DISMISS,** *INTER ALIA*-    **3**

1   (E.D. Wis. 2005), cited by Plaintiff.  Importantly in *Black*, however, was the fact

2   that the plaintiff's complaint there alleged one set of facts in support of her

3   §1132(a)(1)(B) claim and different facts in support of her §1132(a)(3) claim.

4   According to the court:

> [P]laintiff seeks benefits but also alleges that Standard
> violated ERISA regulations and plan terms by engaging
> in a number of improper practices such a permitting
> claims examiners to decide appeals of their own decisions
> and misclassifying claimants' occupations, and she seeks
> injunctions barring such practices.  Plaintiff could not
> pursue these allegations or obtain appropriate relief in
> the context of her claim for benefits.  This is so . . . because
> of the limited nature of a claim for benefits . . . .  Thus,
> if I dismissed her breach of fiduciary duty claim on a Rule
> 12(b)(6) motion, I would effectively deny her the opportunity
> to prove a possibly meritorious claim.

*Id.* at 902.[1]

In *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108 (N.D.
Cal. 2007), the plaintiff alleged a breach of fiduciary duty claim under §1132(a)(3)
arising from Hartford Life Group Insurance Company's use of University
Disability Consortium (UDC) as a claims reviewer.  Plaintiff alleged UDC had a
financial conflict of interest because it relied heavily on Hartford for financial gain
and therefore, was not a neutral evaluator of his claim.  *Id.* at 1109.  Among the
specific relief sought by the plaintiff in conjunction with his §1132(a)(3) claim
was a declaration that Hartford's use of UDC as medical records reviewer
constituted a breach of fiduciary duty to the subject plans and to the plaintiff; that
the court enjoin Hartford from utilizing UDC as a medical record reviewer for a
period of five years; and that the court remove Hartford as Plan Fiduciary of the
plans for a period of five years.  *Id.* at 1110.  The defendants sought dismissal of
the §1132(a)(3) claim on the basis that plaintiff had an adequate remedy under his
§1132(a)(1)(B) claim.  The court declined to do so, reasoning as follows:

> [T]he equitable relief Plaintiff seeks under section

---

[1] The court summarized the extensive details alleged in plaintiff's complaint regarding the §1132(a)(3) claim.  373 F.Supp.2d at 900.

**ORDER GRANTING MOTION TO
PARTIALLY DISMISS, *INTER ALIA*-   4**

> 1132(a)(3), including a declaration that Hartford's
> use of UDC as a medical records reviewer constituted
> a breach of fiduciary duty to him and to the Plans,
> may be different than the relief available under section
> 1132(a)(1)(B), and such relief might not be available
> to Plaintiff under the section 1132(a)(1)(B) claim alone.

*Id*. at 1112.

As noted, Plaintiff in the case at bar does not cite §1132(a)(3) in his "2nd Amended Complaint" and furthermore, does not make the kind of specific allegations or seek the specific type of relief set forth in the complaints at issue in *Black* and *Caplan* which those courts found sufficient to state a §1132(a)(3) claim.[2]  Plaintiff's "2nd Amended Complaint" does not allege the existence of any conflict of interest.  It does not seek any injunctive relief.  Instead, the "2nd Amended Complaint" makes a very general assertion that "Defendant conducts it claims review process in a manner that results in the denial of valid claims" (Ct. Rec. 19 at Paragraph 2.9), and asks for a broad declaration that the Defendants have violated their fiduciary duties (*Id*. at Paragraph V.B.).

As such, Plaintiff's "2nd Amended Complaint" is more akin to the complaint at issue in *King v. CIGNA Corporation*, 2007 WL 2288117 (N.D. Cal. 2007), where the court concluded the plaintiff's breach of fiduciary duty claim under §1132(a)(3) failed because it was based solely on the purported mishandling of her benefits claim.  The court noted that the Ninth Circuit instructed in *Ford v. MCI Communications Corporation Health and Welfare Plan*, 399 F.3d 1076, 1082 (9th Cir. 2005), that a "fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."  2007 WL 2288117 at *12. The *King* court concluded the only issue presented by the plaintiff's complaint was

---

[2] See also *Davis v. Bank of America Group Benefits Program*, 2011 WL 1298860 at *4-5 (N.D. Cal. 2011), and *Fowler v. Aetna Life Insurance Company*, 2008 WL 4911172 at *2-5 (N.D. Cal. 2008), as examples of where particular factual allegations and specific relief sought persuaded the court that the plaintiff's §1132(a)(3) claim was not simply a re-packaged §1132(a)(1)(B) claim for recovery of benefits alleged to have been wrongfully denied.

**ORDER GRANTING MOTION TO PARTIALLY DISMISS, *INTER ALIA*- 5**

her claim for disability benefits, observing that the complaint alleged "Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of her benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries." *Id*. Plaintiff's "2nd Amended Complaint" in the case at bar essentially and effectively alleges no more than that.

Accordingly, to the extent Plaintiff's "2nd Amended Complaint" alleges a claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(3), the "2nd Amended Complaint" fails to state a claim upon which relief can be granted and the Plaintiff's claim for recovery of benefits under 29 U.S.C. §1132(a)(1)(B) provides her with an adequate remedy for the wrong she alleges.

## II. DISCOVERY

Discovery plays a limited role in ERISA cases because the primary purpose of ERISA is "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Whether discovery is appropriate in an ERISA case "is directly related to the standard of review employed by the Court." *Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 647 (E.D. Cal. 2009). When an ERISA plan grants discretion to the plan administrator, the court reviews the benefits decision for an abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006) (en banc). The court's review in such a case is informed by "the nature, extent, and effect on the decision-making process of any conflict of interest that may appear on the record." *Id*. In other words, any "conflict should be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2350 (2008). While abuse of discretion review is typically confined to the administrative record,

**ORDER GRANTING MOTION TO PARTIALLY DISMISS, *INTER ALIA*- 6**

the "court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 970. "[T]he decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Id*.

It appears the abuse of discretion standard or review should apply in the case at bar. The "Plan Administrator" is the ConAgra Foods, Inc. Employee Benefits Committee which has "the sole discretion and authority to control and manage the operation and administration of the Plan" and "complete discretion to interpret the provisions of the plan, make findings of fact, correct errors, supply omission and determine the benefits payable under the plan." (Long-Term Disability Plan, Summary Plan Description, Ex. A to Ct. Rec. 12 at p. 49). "Liberty Life Assurance Company of Boston has been appointed the Plan's ERISA claims fiduciary, for the purpose of providing a full and fair review of claims relating to LTD benefits and other specified functions" and "[t]o this end, the Plan Administrator has delegated to Liberty Life Assurance Company of Boston the discretionary authority to construe and interpret the terms of the Plan and to make final, binding determinations concerning availability of such benefits under the Plan." (*Id*. at 50).

In her "2nd Amended Complaint," Plaintiff does not specifically allege the existence of any conflict of interest and it is not apparent to this court that there is one. The long-term disability (LTD) insurance under the Plan "is self-insured by ConAgra Foods, Inc.." (Long-Term Disability Plan, Summary Plan Description, Ex. A to Ct. Rec. 12 at p. 50). Hence, this is not a situation where there is an obvious structural conflict of interest, that being where an entity is responsible both for determining benefit eligibility and paying benefits. ConAgra Foods, Inc., pays the benefits, but it is Liberty Life Assurance Company which determines benefits eligibility.

In *Abatie*, the Ninth Circuit also found that when a plan administrator fails

**ORDER GRANTING MOTION TO PARTIALLY DISMISS, *INTER ALIA*-  7**

to follow a procedural requirement of ERISA, the court may have to consider evidence outside of the administrative record.  When an administrator has engaged in a procedural irregularity that has affected administrative review, the district court should reconsider the denial of benefits after the plan participant has been given the opportunity to submit additional evidence.  *Id*. at 972-73.  If the administrator's procedural defalcations are flagrant, de novo review applies.  When de novo review applies, the court is not limited to the administrative record and may take additional evidence.  When procedural irregularities are smaller and abuse of discretion review applies, the court may take additional evidence when the irregularities have prevented full development of the administrative record.  This allows the court to recreate what the administrative record would have been had the procedure been correct.  *Id*. at 973.  Here, the Plaintiff has not alleged there were any specific procedural irregularities in her case.

At this juncture, the court is not persuaded that Plaintiff is entitled to conduct any discovery as it appears the discovery she proposes would largely duplicate information already available in the administrative record.[3]

_____

[3]Where the standard of review is abuse of discretion, the court, in general, is limited to review of the administrative record.  Accordingly, no trial is conducted.  Instead, the parties file cross-motions for summary judgment to resolve the legal question of whether, based on review of the administrative record, the administrator abused its discretion.  Where the plaintiff is challenging the plan administrator's denial of benefits, if the district court determines that the administrator's decision is reviewed for abuse of discretion, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply."  *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999), overruled on other grounds by *Abatie*, 458 F.3d at 965.  A summary judgment motion resting on the administrative record is not a typical summary judgment, but rather is a procedural vehicle for determining whether benefits were properly granted or denied.

**ORDER GRANTING MOTION TO PARTIALLY DISMISS, *INTER ALIA*-   8**

1

**III.  CONCLUSION**

2
3
4
5

Defendants' "Motion To Partially Dismiss  Plaintiff's Complaint" (Ct. Rec. 26-1) is **GRANTED** in that Plaintiff's claims for extracontractual compensatory damages and for breach of fiduciary duty pursuant to 29 U.S.C. §1132(a)(3) are **DISMISSED**.

6
7

Plaintiff's "Motion To Permit Interrogatories" (Ct. Rec. 30) is **DENIED** without prejudice.  Upon a sufficient showing that limited discovery is warranted, the court will reconsider whether to allow the same.

8
9

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.

10

**DATED** this  25th  day of April, 2011.

11
12

*s/Lonny R. Suko*

13

LONNY R. SUKO
United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER GRANTING MOTION TO PARTIALLY DISMISS,** *INTER ALIA-*    **9**